```
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARIMED SHIPPING LIMITED.,            :

           Plaintiff,            :

    - against -            :

KEMOH MARINE COMPANY LTD.,            :
a.k.a. KEM-OH MARINE COMPANY
LTD.,            :

           Defendant.            :
-------------------------------------------------------X

07 CV 9543 (AKH)
ECF CASE

MAR 17 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED AMENDED COMPLAINT

Plaintiff, MARIMED SHIPPING LIMITED. (hereinafter referred to as "Plaintiff" or "Marimed"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Amended Complaint against the Defendant, KEMOH MARINE COMPANY LTD. a.k.a. KEM-OH MARINE COMPANY LTD., (hereinafter referred to as "Defendant" or "Kemoh"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in the United Kingdom.

3.    Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business in Seoul, South Korea.

4. Marimed as disponent owner and Kemoh as charterer entered into a charter party on an amended Gencon form dated September 21, 2007 for the carriage of a cargo of steel coils from Jubail, Saudi Arabia to Mundra, India.

5. While at the loadport, the Vessel was physically damaged as a result of the stevedores loading operations.

6. The charter party states that charterers are responsible for stevedore damage.

7. As a result of the damages suffered to the Vessel, she had to be detained while she underwent repairs. Thereafter, the cargo was loaded and the Vessel sailed.

8. Due to the delay while under repair, deadfreight, detention, costs to repair the Vessel and other expenses were incurred. All of these costs were for Kemoh's account.

9. Kemoh paid a portion of the detention and deadfreight to Marimed and Kemoh and Marimed entered into an agreement whereby Kemoh was to pay the following expenses to Marimed, that related to the repair and delay (hereinafter the "Agreement"):

　　a. the actual cost of temporary repairs carried out at Jubail, in the sum of $46,450.00;

　　b. damages for all time spent by the Vessel from the time and date when the damage occurred until the Vessel resumed her loading operations at Jubail in the sum of $574,568.47;

　　c. the cost of any additional expenses incurred at Jubail as a result of the Vessel's delays and/or repairs in the sum of $17,724.75;

　　d. the actual cost of permanent repairs carried out at Bedi in the sum of $17,724.75;

2

  e. damages for all time spent by the Vessel from completion of discharge at Mundra until she was permanently repaired, certified by class and again in the same or equivalent position as DLOSP Mundra, in the sum of $272,401.83.

10. As per the Agreement, the payment was due "after 28 days of the date of your notifying final and written rejection of the claim for recovery of damages from the stevedores at Jubail."

11. The due date has since passed and payment has not been received by Marimed.

12. As a result of Kemoh's breaches the Agreement, Marimed has suffered damages in the principal amount of $960,846.05.

13. The Agreement provides that any disputes arising thereunder shall be referred to High Court proceedings with English law to apply.

14. Plaintiff is preparing to institute High Court proceedings in accordance with the Agreement.

15. Despite due demand, Defendant has failed to pay the sums due and owing as a result of its breaches of the charter party.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in High Court proceedings pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $960,846.05 |
| B. | Estimated interest on claims:<br>3 years at 7.5%, compounded quarterly | $240,183.47 |
| C. | Estimated attorneys' fees and arbitration costs: | $150,000.00 |
| **Total** | | **$1,351,029.50** |

3

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

18. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Amended Complaint, failing which default judgment be entered against it in the sum of **$1,351,029.50.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,351,029.50** belonging to, due or being transferred to, from, or

for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

    D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

    E.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: March 17, 2008
       New York, NY

                  The Plaintiff,
                  MARIMED SHIPPING LIMITED,

By: _____
        Lauren C. Davies (LD 1980)
        Thomas L. Tisdale (TT 5263)
        TISDALE LAW OFFICES LLC
        11 West 42nd Street, Suite 900
        New York, NY 10036
        (212) 354-0025 – phone
        (212) 869-0067 – fax
        ldavies@tisdale-law.com
        ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                       ) ss.: City of Southport
County of Fairfield )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    March 17, 2008
             Southport, CT

_____
Lauren C. Davies